IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00289-CR

 

Nathan Leon Pylant,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-196-C

 



MEMORANDUM  Opinion



 








          A jury convicted Nathan Leon Pylant of
two counts of robbery and assessed his punishment at ninety-nine years’
confinement for each count.  Pylant contends in two points that: (1) the
evidence is legally insufficient to prove identity because the State’s
witnesses identified him from an impermissibly suggestive photographic line-up;
and (2) the court abused its discretion by admitting photographs of injuries
one of the complainants sustained in the robbery because the probative value of
the photographs was substantially outweighed by the danger of unfair
prejudicial.  We will affirm.

          Pylant contends in his first point
that the evidence is legally insufficient to prove identity because each of the
State’s witnesses identified him from an impermissibly suggestive photographic
line-up.

          When conducting a legal sufficiency
review however, we consider both admissible and inadmissible evidence.  See Moff
v. State, 131 S.W.3d 485, 488-90 (Tex. Crim. App. 2004).  Therefore, a
determination that the witnesses’ identification testimony is inadmissible will
not render the evidence legally insufficient.

          Accordingly, we will treat Pylant’s first
point as presenting two sub-issues: (1) whether the evidence is legally
insufficient to prove identity; and (2) whether the court abused its discretion
by permitting the witnesses’ in-court identification of Pylant because the
photographic line-ups were impermissibly suggestive.  See Tex. R. App. P. 38.1(e) (“The statement
of an issue or point will be treated as covering every subsidiary question that
is fairly included.”).

          The two complainants and two other
witnesses identified Pylant as the robber.  Thus, the evidence is legally
sufficient to prove identity.

          A pretrial identification procedure
involving a photographic line-up violates the due process rights of a defendant
if: (1) the line-up is impermissibly suggestive; and (2) the suggestive nature
of the line-up “give[s] rise to a very substantial likelihood of irreparable
misidentification.”  See Simmons v. U.S., 390 U.S. 377, 384, 88 S. Ct. 967,
971, 19 L. Ed. 2d 1247 (1968); Conner v. State, 67 S.W.3d 192, 200 (Tex. Crim. App. 2001); Wilson v. State, 15 S.W.3d 544, 552 (Tex. App.—Dallas 1999, pet. ref’d).

          Pylant contends that the photographic
line-ups used in his case are impermissibly suggestive because he is the only
person without facial hair depicted in the line-ups.  The State challenges
Pylant’s characterization of the facial hair of those depicted.  In any event
however, it has been consistently held that such a disparity in facial hair
standing alone does not render a photographic line-up impermissibly
suggestive.  See Wilson, 15 S.W.3d at 553 (defendant was only person in
line-up without facial hair); Mallard v. State, 661 S.W.2d 268, 277
(Tex. App.—Fort Worth 1983, no pet.) (same); see also Turner v. State,
600 S.W.2d 927, 932 (Tex. Crim. App. [Panel Op.] 1980) (only 2 others with
beard in 5-person line-up were not similar to defendant in size and hair
color).

          Thus, we overrule Pylant’s first point.

          Pylant contends in his second issue
that the court abused its discretion by admitting photographs of injuries one
of the complainants sustained in the robbery because the probative value of the
photographs was substantially outweighed by the danger of unfair prejudicial.

          Under Rule of Evidence 403,
photographic evidence must be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice.  “In deciding whether photographs
are unfairly prejudicial, we must . . . consider the following factors: the
number of photographs, the size, whether they are in color or black and white,
whether they are gruesome, whether any bodies are clothed or naked, and whether
a body has been altered by autopsy.”  Prible v. State, 2005 WL 156555 at
*8 (Tex. Crim. App. Jan. 26, 2005).

          The four black-and-white photographs
at issue include: a photograph of the complainant’s face; two close-ups of
bruising on the side of her face; and a close-up of bruising on her shoulder.

          These photographs are probative of the
fact that Pylant caused the complainant to suffer bodily injury as alleged in
the indictment.  They are few in number; they are 8x10 in size; they are black
and white; and they are not particularly gruesome.  We also note that Pylant
did not offer to stipulate to the complainant’s injuries.  Cf. Prible,
2005 WL 156555 at *9 (probative value of photographs diminished because
defendant offered to stipulate to cause of death).

          Accordingly, the court did not abuse
its discretion by admitting the photographs.  Thus, we overrule Pylant’s second
point.

We affirm the judgment.

 

FELIPE REYNA

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed October 19, 2005

Do not publish

[CRPM]